UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                NO: 22-128-1

SEAN DEAN                         SECTION: T (3)

## ORDER AND REASONS

Before the Court is the defendant's, Sean Dean, ("Dean" or "the defendant"), Motion to Withdraw Guilty Plea. R. Doc. 135. For the following reasons, the motion is **DENIED**.

## BACKGROUND

Sean Dean was arrested and charged with serious drug trafficking and firearm offenses nearly three years ago. *See* R. Doc. 1, 26. The Court appointed the Federal Public Defender's Office and that office assigned Assistant Federal Public Defender Valerie Jusselin to Dean's case. R. Doc. 8. After extensive negotiations, the Government and Dean agreed to a plea agreement on July 23, 2024, and Assistant Federal Public Defender Warner Thompson enrolled as additional counsel. R. Docs. 88, 90. At the August 6, 2024 re-arraignment hearing, as part of the plea agreement, Dean pleaded guilty to Count Two (possession with intent to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. 841(a)(1), (b)(1)(A)), Count Three (possession of a firearm in furtherance of drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A)(i)), and Count Four (felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1), 924(a)(2)) of the seven-count Superseding Indictment. R. Doc. 93.

At the hearing, the Court extensively questioned Dean. R. Doc. 127. The Court also advised Dean that if he did not understand something that he could stop and confer with counsel. *Id.* at pp.

1

3, 11. Most critical to this motion, the Court explicitly stated "[i]f convicted as charged on Count 3 of the superseding indictment, you [Dean] face a maximum sentence of a mandatory minimum term of five years' imprisonment up to a maximum term of life, which must run consecutively to any sentence of imprisonment you may receive for the offenses charged in Counts 2 and 4." *Id.* at p. 8. When asked if he understood, Dean said yes. *Id.* at p. 9. Dean's counsel, Valerie Jusselin, also told the Court that she "explained to [her] client that the Count 3 [sic] has the mandatory minimum." *Id.* at p. 10. By October 8, 2024, Jusselin had retired from the Federal Public Defender's Office, and Dean was represented by Thompson.

217 days after the re-arraignment hearing on March 10, 2025, Dean filed this motion to withdraw his guilty plea. R. Doc. 135. He claims that he "was never told that the mandatory 5-year consecutive sentence for Count Three would be added to the Career Offender Enhancement. [His] understanding was that the Career Offender Enhancement took care of everything." *Id.* at p. 2. Dean suggests that he became aware of the mandatory minimum after the re-arraignment when he reviewed the draft Presentence Investigation Report ("PSR"). *Id.* Thompson advised that this allegation created a conflict of interest. *Id.* On October 16, 2024, the Court granted Thompson's motion to withdraw as counsel of record and Carol Kolinchak, a member of the CJA panel, was appointed. *Id.* The Government filed a response in opposition to the motion to withdraw the guilty plea. R. Doc. 149.

Before Dean filed his motion to withdraw his guilty plea, he filed two motions to continue the sentencing hearing when Kolinchak was already counsel of record. R. Docs. 120, 130. This delayed the sentencing for another five months. *Id.* Despite Dean's admonishment that he has been

"adamant that he was never advised" about the Count Three mandatory minimum since October 2024, Dean did not raise the issue to the Court or file his motion until March 10, 2025. R. Doc. 135 at p. 2.

## LAW & ANALYSIS

Rule 11(d)(2)(B) allows a defendant to withdraw his guilty plea "after the court accepts the plea, but before it imposes sentence if…the defendant can show a fair and just reason for requesting the withdrawal." However, "[a] defendant does not have an absolute right to withdraw [his] guilty plea." *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003) (citing *United States v. Brewster*, 137 F.3d 853, 857 (5th Cir. 1998)). The Court has "discretion [to] permit withdrawal before sentencing if a defendant can show a fair and just reason" for withdrawal. *Brewster*, 137 F.3d at 857 (internal citations omitted). The defendant "bears the burden of establishing a fair and just reason." *Powell*, 354 F.3d at 370 (citing *Brewster*, 137 F.3d at 858).

Courts assess these motions through the seven factors laid out in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). The *Carr* factors are: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant delayed in filing the motion and, if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether adequate assistance of counsel was available to the defendant; (6) whether his plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *Id.* No single *Carr* factor is dispositive, they are considered for the totality of the circumstances, and the Court is not required to make a finding as to each individual factor. *Powell*, 354 F.3d at 370 (citation omitted).

The *Carr* factors weigh against granting relief. First, Dean does not contest actual innocence and concedes this factor. R. Doc. 135 at p. 3. Second, Dean argues the Government is not prejudiced because it still possesses the evidence, video surveillance and wiretaps, necessary to try the case. *Id.* at p. 3-4. The Court however finds that the Government, after refocusing numerous law enforcement agencies and witnesses from trial preparation and towards plea negotiation, would be prejudiced in having now to reorient these resources back to trial. "Regardless of whether the Government would suffer prejudice, '*Carr* made clear that the absence of prejudice to the Government does not necessarily justify reversing the district court's decision to deny a motion to withdraw a guilty plea.'" *United States v. Lord*, 915 F.3d 1009, 1015 (5th Cir. 2019) (quoting *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009)).

Third, Dean's delay in filing his motion weighs heavily in favor of the Government. He filed 217 days, a little over seven months, after he plead guilty. The Fifth Circuit has determined that substantially shorter delays are significant and weigh in favor of the Government. *See, e.g.*, *United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994) (six weeks); *United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir. 1988) (seven weeks); *Carr*, 740 F.2d at 345 (twenty-two days). Dean argues that he should not be faulted for the delay because he complained about the career criminal enhancement days after receiving the draft PSR and that further delay in filing the motion is wholly attributable to a change in counsel. R. Doc. 135. at p. 4. His allegations however have little factual support. There was rather a 145-day delay between Kolinchak's enrollment and Dean's motion to withdraw his guilty plea. R. Docs. 104, 135. Because Dean has insisted from October 2024 that he was not informed about the mandatory minimum, this delay cannot be attributable to a change in

4

counsel. His motion to withdraw his guilty plea came 153 days after he received the draft PSR. Regardless, that the PSR precipitated Dean's motion suggests that Dean is making a tactical decision to withdraw—not that his plea was unknowingly made. *United States v. Herrod*, 595 F. App'x 402, 410 (5th Cir. 2015) (withdrawing at or near the time of the draft PSR indicates a tactical decision) (unpublished) (citing *Hurtado,* 846 F.2d at 997; *Thomas*, 13 F.3d at 153). Rule 11(d)(2)(B) does not "allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Carr*, 740 F.2d at 345. Dean's 217-day delay is substantial, and this factor weighs heavily in the Government's favor. Fourth, Dean concedes that withdrawing his guilty plea would inconvenience the Court. R. Doc. 135 at p. 4.

The Court also finds that the remaining factors weigh in favor of the Government. For factor five, close assistance of experienced counsel, the Court finds that Dean had the close assistance of three experienced attorneys throughout this matter. For over two years, Jusselin was accessible to Dean throughout the proceedings, negotiated a mutually acceptable plea agreement,[1] discussed the agreement with Dean prior to the re-arraignment hearing, [2] and filed multiple motions to continue.[3] Dean also confirmed he was satisfied with his counsel at the re-arraignment hearing. R. Doc. 127 at p. 19. The Fifth Circuit has "previously found that close assistance of

---

[1] R. Doc. 94.

[2] The Court had the following response at the re-arraignment hearing when discussing the plea agreement and its associated documents. "THE COURT: Mr. Dean, you have identified those documents. You've indicated that you've read them and had a chance to go over them with your attorney; is that correct? THE DEFENDANT: Yes, sir." R. Doc. 127 at p. 14.

[3] R. Docs. 20, 23, 36, 51, 56, 80.

counsel was available where counsel negotiated a plea agreement, filed motions, discussed the case with the defendant, and explained the defendant's rights and the weight of the evidence, and where counsel was available throughout the proceedings and the defendant expressed satisfaction with counsel." *United States v. Strother*, 977 F.3d 438, 445 (5th Cir. 2020). The same is true here and thus the factor weighs in the Government's favor.

Factor six asks the Court to determine whether "the defendant's original plea was knowing and voluntary." *Strother*, 977 F.3d at 445. When a defendant has "a full understanding of what the plea connotes and [knows] of its consequence," he makes a voluntary, knowing, and intelligent waiver. *United States v. Urias-Marrufo*, 744 F.3d 361, 366 (5th Cir. 2014) (internal quotations omitted).

Dean's motion suggests that Jusselin was ineffective. He specifically claims that Jusselin misinformed him that if he pleaded guilty and received the career criminal enhancement, that he would not receive a mandatory minimum five-year consecutive sentence as to Count 3. R. Doc. 135 at p. 2. When a defendant's motion to withdraw a guilty plea incorporates an ineffective-assistance-of-counsel claim ("IAC"), the Court reviews the IAC claim because it is "inextricably tied" to whether the "guilty plea was knowing and voluntary." *Urias-Marrufo*, 744 F.3d at 365-66. IAC claims are evaluated under the two-pronged *Strickland v. Washington* inquiry. *Id*. at 366 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Courts ask (1) "whether counsel's representation fell below an objective standard of reasonableness" and (2) "whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal citations omitted). The Fifth Circuit has held that a plea

was knowing and voluntary, despite an IAC claim, where the defendant stated under oath at the original plea hearing that (1) he understood the elements of each charge, (2) the factual basis was "entirely true and correct," (3) he was satisfied with his counsel's assistance, and (4) he did not make the plea under force, threat of force, coercion, or otherwise. *Strother*, 977 F.3d at 445-46.

Dean's sworn statements directly contradict his allegations and support a finding that his plea was knowing and voluntary. The Court explicitly advised Dean at the re-arraignment hearing that if he pleaded guilty to Count 3, the five-year mandatory minimum would be consecutive to his sentence for the other counts. 3. R. Doc, 127 at p. 8. "If convicted as charged on Count 3 of the superseding indictment, you [Dean] face a maximum sentence of a mandatory minimum term of five years' imprisonment up to a maximum term of life, which ***must run consecutively*** to any sentence of imprisonment you may receive for the offenses charged in Counts 2 and 4." *Id.* (emphasis added). The Court asked, "[D]o you understand that?" *Id.* at p. 9. Dean answered in the affirmative. *Id*. Dean also signed and initialed every page of the plea agreement. R. Doc. 94. In doing so, he acknowledged the charges to which he was pleading guilty, the penalties he faced, and waived his right to direct appeal in all circumstances except if the Court imposed a sentence above the statutory maximum. *Id.* Jusselin also stated that she "explained to [her] client that the Count 3 [sic] has the mandatory minimum." R. Doc. 127 at p. 10. In sum, Dean acknowledged the mandatory minimum applied,[4] admitted that the factual basis was correct because he had committed the offenses charged,[5] stated he was satisfied with counsel,[6] and that he entered his plea

---

[4] R. Doc. 127 at pp. 8-9.
[5] *Id.* at p. 12.
[6] *Id.* at p. 19.

voluntarily without any threats.[7] Dean's consistent and informed responses at the re-arraignment hearing indicate that his plea was voluntary and knowing. Therefore, factor six also weighs in favor of the Government.

Lastly, the Court finds that allowing Dean to withdraw his plea would waste judicial resources. The Court has accommodated Dean's various motions to continue over these past three years. The probation office also drafted and supplemented the final PSR in preparation for the scheduled sentencing on June 10, 2025. R. Docs. 98, 119, 148. Indeed, Dean has lodged a similar complaint about the career criminal enhancement in his objection to the PSR. R. Doc. 140. The Court also solicited live testimony for this motion during the May 13, 2025, hearing. R. Doc. 151. The Court concludes that all parties have spent significant judicial resources preparing for and conducting the re-arraignment hearing and sentencing. The Court accordingly finds withdrawing the guilty plea would waste judicial resources.

All *Carr* factors weigh in the Government's favor and against allowing Dean to withdraw his guilty plea. Accordingly,

**IT IS ORDERED** that the defendant's Motion to Withdraw Guilty Plea, R. Doc. 135, is **DENIED**.

New Orleans, Louisiana, this 6th day of June 2025.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[7] *Id.* at p. 12.

8